Electronically Filed
1/24/2022 5:27 PM
Fourth Judicial District, Ada County
Phil McGrane, Clerk of the Court
By: Lauren Ketchum, Deputy Clerk

PAMELA S. HOWLAND
Idaho State Bar No. 6177
BENJAMIN T. CRAMER
Idaho State Bar No. 9220
SAVANNAH G. WARD
Idaho State Bar No. 10923
IDAHO EMPLOYMENT LAWYERS, PLLC
1112 W. Main Street, Suite 105
Boise, ID 83702
Telephone: (208) 484-8921
Facsimile: (208) 534-7445
Email: phowland@idemploymentlawyers.com
Email: bcramer@idemploymentlawyers.com
Email: sward@idemploymentlawyers.com

Attorneys for Sandra Bolinske, Plaintiff

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| SANDRA BOLINSKE, ) | CV01-22-01144 |
| ) | Case No. _____ |
| Plaintiff, ) | |
| ) | **PLAINTIFF'S COMPLAINT AND** |
| -vs- ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| STINKER STORES, INC., an Idaho ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

COMES NOW, Sandra Bolinske, the above-named Plaintiff, and for causes of action

against Defendant Stinker Stores, Inc., hereby COMPLAINS AND ALLEGES as follows:

**PARTIES**

1.      Plaintiff Sandy Bolinske (hereinafter "Bolinske") at all times herein

mentioned has been, and presently is, a resident of Ada County, Idaho.

2.      Defendant Stinker Stores, Inc. ("Stinker Stores") at all times herein mentioned

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

has been, and presently is, a corporation of the State of Idaho with its principal place of business in Ada County, Idaho.

## JURISDICTION AND VENUE

3.      Jurisdiction is appropriate pursuant to Idaho Code § 1-705.

4.      Venue is appropriate pursuant to Idaho Code § 5-404.

## GENERAL ALLEGATIONS

5.      Ms. Bolinske began working at Stinker Stores starting in May 2013.

6.      Ms. Bolinske worked for Stinker Stores as its Human Resources Director.

7.      Ms. Bolinske was terminated with no notice and with no reason on October 11, 2021, in violation of an express Agreement that guaranteed her employment through December 31, 2021 and in violation of the ADA, the IHRA, the FMLA and Idaho public policy which precludes termination of employees in retaliation for their attempts to follow the law.

8.      In April 2021, Charley Jones, the owner of Stinker, asked Ms. Bolinske, who was part of Stinker Stores' Executive Team, to meet with him individually. At that meeting, Mr. Jones explained to her that he was semi-retiring and was reorganizing the company.   He was putting Mr. Nate Brazier into the position of President of the company, and Ms. Kristal Searle would assume the role of VP of Administration along with her CFO role. This meant that all administrative services would report to Ms. Searle, including Human Resources.

9.      After discussing his decision, Mr. Jones asked Ms. Bolinske if she accepted her position reporting to Ms. Searle.

10.     Ms. Bolinske indicated that she intended to resign due, in part, to her observations of disrespectful conduct by Ms. Searle towards herself and other members of the Executive

**COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

Team and the Stinker Stores Leadership Team.

11.     However, after Ms. Bolinske indicated to Mr. Jones that she intended to resign, he talked her out of it.  He told Ms. Bolinske not to make a rash decision and asked her to rethink her decision and work out a transition plan, instead, which would benefit both Ms. Bolinske and Stinker Stores.

12.     Ms. Bolinske agreed, and, per Mr. Jones' and Ms. Bolinske's mutual agreement, Ms. Bolinske told him she would work through the end of the year to find a replacement and to transfer her duties to others.  She agreed to do this based on certain agreed-upon conditions which were later documented in writing.

13.     Ms. Bolinske drafted a "Resignation and Transition Plan for Sandy Bolinske." Both Mr. Nate Brazier, the President, and Ms. Krystal Searle, the CFO/VP of Administrative Services, agreed to the Resignation and Transition Plan both orally and in writing on May 7, 2021.

14.     Mr. Brazier and Ms. Seale are high ranking leaders of Stinker Stores, are members of the Executive Team, and had been fully authorized to bind Stinker Stores in its contractual obligations.  Both Mr. Brazier and Ms. Searle notified Ms. Bolinske that they had approval from Mr. Jones to formalize Ms. Bolinske's Resignation and Transition Plan.

15.     The Resignation and Transition Plan (hereinafter referred to "the Agreement") indicated that Ms. Bolinske's last day of employment would be December 31, 2021.  During the period of time up to then, Ms. Bolinske would help transition the team to a new HR Director.

16.     The Agreement indicated that as soon as Ms. Bolinske's replacement was hired, she would move out of her office.  However, she would continue her employment until the end of 2021 with the understanding that she would facilitate training and transitioning.

17.     Significantly, one of the key terms of the Agreement expressly provided that even

**COMPLAINT AND DEMAND FOR JURY TRIAL - 3**

if her services were no longer needed prior to December 31, 2021, her compensation and benefits would continue through the end of the year, which was defined as her resignation period.

18.     The Agreement stated that if Ms. Bolinske's services were needed after the resignation period, she agreed to provide consultation for an agreed-upon consulting fee.

19.     At the time Stinker Stores executed the Agreement with Ms. Bolinske, her at-will relationship ended, and Ms. Bolinske became a contractual employee hired for a certain duration of time.

20.     From April 2021 through mid-October 2021, Ms. Bolinske performed her duties as outlined in the Agreement.  She was never told she was not performing adequately during 2021 nor at any other time during her eight-year employment.  She never received any discipline.

21.     During the April through October 2021 time period, Ms. Bolinske, even while on FMLA leave, continued to participate in leadership meetings, support vendor relationships on behalf of Stinker Stores, worked with the payroll vendor on several project initiations, managed the day-to-day activities of her team, provided guidance and advice to management and employees, and participated in meetings with mid-level management.  She performed each of the other duties outlined in the Agreement, as well.

22.     Notably, during the September/October 2021 time period, Ms. Bolinske had been advised to commit legal violations in regard to wage and hour law by Ms. Searle, and others, and Ms. Bolinske had been vocal in her opposition.  For example, Ms. Bolinske was advised to convert an employee from a non-exempt status to exempt status, in spite of the fact that the employee did not meet the requirements under the FLSA and other applicable wage and hour standards and in spite of the fact that this would have caused extreme liability to Stinker Stores. Ms. Bolinske's attempt to comply with the law was met with disapproval by members of Stinker Store's Executive Team.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

23.     Meanwhile, Ms. Bolinske, who suffered a serious back injury in an accident that occurred in 2016, had relayed information about her on-going debilitating back issues to Ms. Searle, Mr. Jones, and other members of the Executive Team, throughout 2016 through 2021. Her neurosurgeon informed her in August 2021 that her back disability required her to have surgery for a T4/T5 fusion.  As the Stinker Stores Executive Team was well aware, Ms. Bolinske had attempted physical therapy and other unsuccessful treatment measures to alleviate her pain, however, she was unable to remedy her problems and was left with no other option but to move forward with surgery.

24.     Ms. Bolinske's surgery was not a minor elective procedure but rather was necessitated by her back disability.

25.     Ms. Bolinske took FMLA leave from August 9, 2021 to November 1, 2021.  Just like any other Stinker Stores employee, she completed the appropriate documentation and obtained the requisite approvals.  Ms. Bolinske's final appointment with her physician was scheduled for November 3, 2021, at which time she planned to obtain authorizations to return to work for the duration of her employment term.

26.     Ms. Bolinske was terminated on October 11, 2021, in spite of the fact that she was taking FMLA leave which provided federal protection that guaranteed her job and her ability to return to it.  Ms. Bolinske was not given any reason for the termination.

27.     Ms. Bolinske's last paycheck was received by her on October 13, 2021, and covered the period from September 26, 2021 to October 11, 2021.

28.     Ms. Bolinske made a formal demand to Stinker Stores, requesting pay owed pursuant to the Agreement and detailing its legal violations on October 25, 2021.  Stinker Stores refused to compensate her and continued to ignore its legal violations.

29.     Plaintiff has exhausted her administrative remedies by filing a complaint with the

**COMPLAINT AND DEMAND FOR JURY TRIAL - 5**

Idaho Human Rights Commission and by requesting dismissal and a right to sue letter. The IHRC has indicated that the dismissal will be granted.

## COUNT ONE

### *Disability Discrimination in Violation of Idaho Human Rights Act and the Americans with Disabilities Act*

30.    Ms. Bolinske hereby realleges the allegations contained in paragraphs 1 through 29 as set forth above and incorporates the same herein by reference.

31.    During the course of her employment at Stinker, Ms. Bolinske was involved in a serious accident that resulted in severe injuries, including injuries to her back.

32.    Stinker Stores was aware of her injuries, her on-going attempts to obtain relief from her disability, and her need for surgery in 2021.

33.    Ms. Bolinske is a qualified individual within the meaning of the Americans with Disabilities Act.   Ms. Bolinske met her employer's expectations in regard to the performance of her job and never received any disciplinary actions during the course of her work at Stinker.

34.    Stinker Stores' decision to terminate Ms. Bolinske's employment while she was obtaining surgery related to her disability, while she was on FMLA leave, and in express violation of her Agreement, was based on her actual disability and record of disability. Accordingly, it was discriminatory and violated both the Americans with Disabilities Act and the Idaho Human Rights Act.

35.    The actions of Stinker Stores in terminating Ms. Bolinske's employment because of her disability is in violation of the Idaho Human Rights Act, Idaho Code§ 67-5901, *et seq.,* and the Americans with Disabilities Act, which prohibit discrimination based on disability.

36.    Stinker Stores failed to engage in the interactive process and failed to consider reasonable accommodations prior to terminating Ms. Bolinske's employment.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 6**

37.     As a result of Stinker Stores' violation of the Idaho Human Rights Act, Idaho Code § 67-5901, *et seq.,* and the Americans with Disabilities Act, Ms. Bolinske is entitled to damages including, but not limited to, front pay, back pay, lost benefits, other economic losses, and non-economic damages, including emotional distress, in an amount to be determined with specificity at trial.

## COUNT TWO

### *Violation of the Family Medical Leave Act*

38.     Ms. Bolinske hereby realleges the allegations contained in paragraphs 1 through 37 as set forth above and incorporates the same herein by reference.

39.     The FMLA provides employees with the right to be protected from termination both during and after a period of protected leave.

40.     During the time period at issue, Ms. Bolinske was an eligible employee under the FMLA.

41.     During the time period at issue, Stinker Stores was a covered employer under the FMLA.

42.     Ms. Bolinske was entitled to take FMLA leave from August 9, 2021, through November 1, 2021.

43.     Stinker Stores violated the FMLA by terminating Ms. Bolinske during her period of protected leave in retaliation for taking FMLA leave.

44.     Ms. Bolinske provided Stinker Stores with adequate notice of her intent to take FMLA.

45.     Ms. Bolinske was terminated during her period of FMLA leave in violation of the FMLA. By doing so, Stinker Stores interfered with Ms. Bolinske's FMLA benefits.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 7**

46.     As a result of Stinker Stores' violation of the FMLA, Ms. Bolinske is entitled to compensatory damages including, but not limited to, lost wages and lost benefits in an amount to be determined with specificity at trial.

**COUNT THREE**

***Violation of the Idaho Wage Claim Act***

47.     Ms. Bolinske hereby realleges the allegations contained in paragraphs 1 through 46 of this Complaint as set forth above and incorporates the same herein by reference.

48.     At all times herein mentioned, Stinker Stores was an "employer" within the meaning of the Idaho Wage Claim Act, Idaho Code § 45-601.

49.     From May 2013 to October 11, 2021, Ms. Bolinske was employed by Stinker Stores and was an "employee" within the meaning of the Idaho Wage Claim Act, Idaho Code § 45-601.

50.     Stinker Stores was required to pay Ms. Bolinske wages due and owing under the Agreement she entered into with Stinker Stores on May 4, 2021, because she was entitled to pay through December 31, 2021.  Stinker Stores breached its Agreement with Ms. Bolinske when it terminated her on October 11, 2021 and paid her only through October 11, 2021 to avoid its obligations under its Agreement with her.

51.     To date, Ms. Bolinske is owed wages due and owing under the Agreement that she has not been paid, including treble damages.

52.     Ms. Bolinske is entitled to recover damages including, but not limited to, wages owed under her Agreement, as well as triple damages in the amount of three (3) times the unpaid wages as provided by the Idaho Wage Claim Act, Idaho Code § 45-615.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 8**

## COUNT FOUR

### *Wrongful Termination/Retaliation in Violation of Public Policy*

53.     Ms. Bolinske hereby realleges the allegations contained in paragraphs 1 through 52 of this Complaint as set forth above and incorporates the same herein by reference.

54.     Ms. Bolinske, in her role as HR Director, followed Idaho wage and hour law, as well as the requirements of the Fair Labor Standards Act, those set forth by the Department of Labor, and other applicable law.

55.     During the course and scope of her employment, Stinker Stores requested Ms. Bolinske to classify an employee as exempt, as opposed to non-exempt, in spite of the fact that the employee did not qualify as exempt.  Stinker Stores did this in order to avoid record-keeping requirements and the requirement to pay such employee's overtime.

56.     Ms. Bolinske was vocal in her opposition to this directive because she believed that Stinker Stores was directing her to violate state and federal law.

57.     Ms. Bolinske was also vocal in her opposition to this proposal, as she believed it was her job, as HR Director, to protect the company from liability.

58.     Ms. Bolinske was terminated in retaliation for her efforts to comply with state and federal law in violation of public policy.

59.     Ms. Bolinske is entitled to recover damages including, but not limited to, economic and non-economic losses, including back pay, front pay, and emotional distress, stemming from her wrongful termination.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 9**

## COUNT FIVE

### *Breach of Contract*

60.     Ms. Bolinske hereby realleges the allegations contained in paragraphs 1 through 59 of this Complaint as set forth above and incorporates the same herein by reference.

61.     Ms. Bolinske, in her role as HR Director, entered into an Agreement with Stinker Stores on May 4, 2021, that required it to pay her through December 31, 2021.

62.     Ms. Bolinske lived up to her contractual obligations.

63.     However, Stinker Stores did not.  It terminated her without notice and without any reason for the termination on October 11, 2021, in violation of the Agreement.  It did not pay her wages owed.

64.     Ms. Bolinske is entitled to recover damages including, but not limited to, economic and non-economic losses, including back pay, front pay, and emotional distress, stemming from Stinker's breach of the Agreement.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to applicable authority, including Idaho Rule of Civil Procedure 38(b).

## ATTORNEY FEES AND COSTS

65.     As a consequence of Stinker's conduct and/or acts and/or admissions, Ms. Bolinske has been required to retain the services of legal counsel, and, therefore, is entitled to recover her attorney fees and costs incurred in prosecuting this action pursuant to Idaho Code §§ 45-615, 12-120(3), 12-121, the ADA, the FMLA, and any other applicable provisions of state or federal law.

66.     Based on I.R.C.P. 55, Plaintiff is entitled to reasonable attorney fees in the

**COMPLAINT AND DEMAND FOR JURY TRIAL - 10**

event of default in the amount of $10,000.00.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for Judgment, Order and Decree of this Court as follows:

1.      For judgment of the court awarding Plaintiff damages forboth economic and non-economic damages, including past wage loss and future wage loss, incurred as a result of Defendant's termination of Plaintiff in breach of its Agreement with her and in violation of the Idaho Human Rights Act, the Americans with Disabilities Act, the Family Medical Leave Act, the Idaho Wage Claim Act, for Wrongful Termination/Retaliation in Violation of Public Policy, and Breach of Contract.   Plaintiff is also entitled to incidental and consequential damages.

2.      For prejudgment interest on all damages recovered at the rate set forth within Idaho Code § 28-22-104.

3.      For Plaintiff's reasonable attorney fees and costs incurred in prosecuting this action; and

4.      For such other and further relief as court deems just and necessary.

5.      Plaintiff reserves the right to amend her Complaint to seek punitive damages under Idaho Code § 6-1604.

DATED this 24th day of January, 2022.

/s/ Pamela S. Howland
Pamela S. Howland

IDAHO EMPLOYMENT LAWYERS, PLLC
Attorneys for Plaintiff

**COMPLAINT AND DEMAND FOR JURY TRIAL - 11**